Summary
2/20/2018 10:42:34 AM

Differences exist between documents.

**New Document:**
137Orig_new
7 pages (87 KB)
2/20/2018 10:42:33 AM
Used to display results.

**Old Document:**
137Orig
7 pages (87 KB)
2/20/2018 10:42:33 AM

Get started: first change is on page 1.

No pages were deleted

**How to read this report**

Highlight indicates a change.
Deleted indicates deleted content.
▲ indicates pages were changed.
⬌ indicates pages were moved.

# SUPREME COURT OF THE UNITED STATES

## STATE OF MONTANA *v.* STATE OF WYOMING AND STATE OF NORTH DAKOTA

### ON BILL OF COMPLAINT

No. 137, Orig.	Decided February 20, 2018

The Report of the Special Master is received and ordered filed. The proposed judgment and decree are entered. JUSTICE KAGAN took no part in the consideration or decision of this case.

### JUDGMENT

Judgment is awarded against the State of Wyoming and in favor of the State of Montana for violations of the Yellowstone River Compact resulting from Wyoming's reduction of the volume of water available in the Tongue River at the Stateline between Wyoming and Montana by 1300 acre feet in 2004 and 56 acre feet in 2006. Judgment is awarded in the amount of $20,340, together with prejudgment and post-judgment interest of seven percent (7%) per annum from the year of each violation until paid. Costs are awarded to Montana in the amount of $67,270.87.

Wyoming shall pay these damages, interest, and costs in full not later than 90 days from the date of entry of this Judgment. Wyoming shall make its payment into an account specified by Montana to be used for improvements to the Tongue River Reservoir or related facilities in Montana. Montana may distribute these funds to a state agency or program, a political subdivision of the State, a nonprofit corporation, association, and/or a charitable organization at the sole discretion of the Montana Attorney General in accordance with the laws of the State of Montana, with the express condition that the funds be used for improvements to the Tongue River Reservoir or related facilities in Montana.

Except as herein provided, all claims in Montana's Bill of Complaint are denied and dismissed with prejudice.

## DECREE
### A. General Provisions

1. Article V(A) of the Yellowstone River Compact (Compact) protects pre-1950 appropriative rights to the beneficial uses of water of the Yellowstone River System in Montana from diversions and withdrawals of surface water and groundwater in Wyoming, whether for direct use or storage, that are not made pursuant to appropriative rights in Wyoming existing as of January 1, 1950.

2. Article V of the Compact, including the protections of Article V(A), applies to all surface waters tributary to the Tongue and Powder Rivers (with the exception of the explicit exclusions set out in Article V(E) of the Compact).

3. Article V(A) of the Compact does not guarantee Montana a fixed quantity or flow of water, nor does it limit Wyoming to the net volume of water actually consumed in Wyoming prior to January 1, 1950.

4. Article V(A) of the Compact protects pre-1950 appropriative rights only to the extent they are for "beneficial uses," as defined in Article II(H) of the Compact, and are otherwise consistent with the doctrine of appropriation. In particular, pre-1950 rights are not protected to the extent they are wasteful under the doctrine of appropriation.

5. Except as otherwise expressly provided in this Decree or the Compact, the laws of Montana and Wyoming (including rules for reservoir accounting) govern the administration and management of each State's respective water rights in the implementation of Article V(A) of the Compact.

### B. Calls

1. To protect pre-1950 appropriative rights under Article V(A) of the Compact, Montana must place a call. Wyoming is not liable for flow or storage impacts that take

Decree

place when a call is not in effect.

2. Subject to paragraph B(3), Montana may place a call on the Tongue River whenever (a) a pre-1950 direct flow right in Montana is not receiving the water to which it is entitled, or (b) Montana reasonably believes, based on substantial evidence, that the Tongue River Reservoir might not fill before the end of the water year.

3. Montana cannot place a call under Article V(A) when it can remedy shortages of pre-1950 appropriators in Montana through purely intrastate means that do not prejudice Montana's other rights under the Compact.

4. A call need not take any particular form, use any specific language, or be delivered by or to any particular official, but should be sufficient to place Wyoming on clear notice that Montana needs additional water to satisfy its pre-1950 appropriative rights.

5. A call is effective upon receipt by Wyoming and continues in effect until Montana notifies Wyoming that Montana is lifting the call.

6. Montana shall promptly notify Wyoming that it is lifting a call when (a) pre-1950 direct flow rights in Montana are receiving the water to which they are entitled, and (b) Montana reasonably believes, based on substantial evidence, that the Tongue River Reservoir will fill before the end of the water year. Montana may place a new call at a later date if the conditions of paragraph B(2) are again met.

7. Upon receiving a call, Wyoming shall promptly initiate action to ensure, to the degree physically possible, that only pre-1950 appropriators in Wyoming are diverting or storing surface water and only to the degree permitted by their appropriative rights and this Decree. Wyoming also shall promptly initiate any action needed to ensure, to the degree physically possible, that any groundwater withdrawals under post-January 1, 1950 appropriative rights are not interfering with the continued enjoyment of

pre-1950 surface rights in Montana. Wyoming shall be liable for diversions, storage, or withdrawals in violation of Article V(A) of the Compact even if it was not physically possible for Wyoming to prevent the diversions, storage, or withdrawals during a call (including depletions caused by groundwater withdrawals occurring before the call). Where it is initially not physically possible to prevent the storage of water in violation of Article V(A), Wyoming shall deliver such water to Montana as soon as it is physically possible to do so after a request from Montana.

### C. Pre-1950 Appropriative Rights

1. The Compact assigns the same seniority level to all pre-1950 water users in Montana and Wyoming. Except as otherwise provided in this Decree, the exercise of pre-1950 appropriative rights in Wyoming does not violate the Compact rights of pre-1950 appropriative rights in Montana.

2. Article V(A) does not prohibit Montana or Wyoming from allowing a pre-1950 appropriator to conserve water through the adoption of improved irrigation techniques and then use that water to irrigate the lands to which the specific pre-1950 appropriative right attaches, even when the increased consumption interferes with pre-1950 uses in Montana. Article V(A) protects pre-1950 appropriators in Montana from the use of such conserved water in Wyoming on new lands or for new purposes. Such uses fall within Article V(B) of the Compact and cannot interfere with pre-1950 appropriative rights in Montana.

3. Pre-1950 appropriators in Montana and Wyoming may change their place of use, type of use, and point of diversion pursuant to applicable state law, so long as any such changes do not injure appropriators in the other States as evaluated at the time of the change.

### D. Wyoming Storage Reservoirs

1. Post-January 1, 1950 appropriators in Wyoming may

not store water when Montana has issued a call, except as provided in paragraph B(7) of this Decree. Post-January 1, 1950 appropriators in Wyoming may store water during periods when a call is not in effect.

2. Water stored under post-January 1, 1950 appropriative rights in Wyoming when a call is not in effect has been legally stored under the Compact and can be subsequently used at any time, including when pre-1950 appropriative rights in Montana are unsatisfied. The Compact does not require Wyoming to release such water to Montana in response to a call.

### E. Tongue River Reservoir

1. Article V(A) protects Montana's right to store each water year (October 1 to September 30) up to, but not more than, 72,500 acre feet of water in the Tongue River Reservoir, less carryover storage in excess of 6,571 acre feet. If the Tongue River Reservoir begins the water year on October 1 with over 6,571 acre feet of carryover water, Article V(A) protects Montana's right to fill the Tongue River Reservoir to its current capacity of 79,071 acre feet.

2. Montana must avoid wasting water in its operation of the Tongue River Reservoir by not permitting outflows during winter months that are not dictated by good engineering practices. Any wasteful outflows reduce the amount of water storage protected under Article V(A) for that water year by an equal volume.

3. The reasonable range for winter outflows from the Tongue River Reservoir is 75 to 175 cubic feet per second. The appropriate outflow at any particular point of time varies within this range and depends on the specific conditions, including, but not limited to, the needs of downstream appropriative water rights and risks such as ice jams and flooding. Montana enjoys significant discretion in setting the appropriate outflow within this range and in other reservoir operations.

### F. General Reservoir Rules

1. Article V(A) of the Compact does not protect water stored exclusively for non-depletive purposes, such as hydroelectric generation and fish protection.

2. Montana and Wyoming must operate and regulate reservoirs on the Tongue River and its tributaries in a fashion that is generally consistent with the appropriation laws and rules that govern similar reservoirs elsewhere in each respective State.

### G. Exchange of Information

1. Within 30 days of the entry of this Decree, Montana and Wyoming each shall provide the other State with a list of its current surface water rights in the Tongue River basin, including information on which rights are pre-1950 and which are post-January 1, 1950. Montana and Wyoming thereafter will annually inform the other State of any changes in these water rights, unless such information is publicly and readily available to the other State.

2. If requested, Montana and Wyoming also shall provide the other State annually with any data available in the ordinary course of water administration that shows the location and amount of groundwater pumping in the Tongue River and Powder River basins, except where the groundwater is used exclusively for domestic or stock water uses as defined in Article II of the Compact.

3. Montana and Wyoming shall exchange information, as reasonable and appropriate, relevant to the effective implementation of Article V(A) of the Compact. In particular, Wyoming in response to a call shall notify Montana of the actions that it intends to take and has taken in response to the call, and when requested, provide Montana with reasonable assurances and documentation of these actions. In making a call, Montana in turn will notify Wyoming of any intrastate actions it has taken to remedy shortages of pre-1950 appropriators, and when

requested, provide Wyoming with reasonable assurances and documentation of these actions.

4. The Yellowstone River Compact Commission remains free to modify or supplement the terms of the provisions of paragraph G of this Decree pursuant to its authority under the Compact.

## H.  Rights of the Northern Cheyenne Tribe

Nothing in this Decree addresses or determines the water rights of any Indian Tribe or Indian reservation or the status of such rights under the Yellowstone River Compact.

## I.  Retention of Jurisdiction

Any of the parties may apply at the foot of this Decree for its amendment or for further relief.  The Court retains jurisdiction to entertain such further proceedings, enter such orders, and issue such writs as it may from time to time deem necessary or desirable to give proper force and effect to this Decree.